OPINION *Page 2 
{¶ 1} Defendant-Appellant Michael Billingsley ("Billingsley") appeals from the November 14, 2006 Judgment Entry of the Court of Common Pleas, Paulding County, Ohio sentencing him to six years in prison for his conviction of Illegal Manufacture of Drugs, a felony of the second degree in violation of R.C. 2925.04(C)(2).
 {¶ 2} On July 13, 2001 the Paulding County Grand Jury indicted Billingsley on one count of Engaging in a Pattern of Corrupt Activity, a felony of the second degree in violation of R.C. 2923.32(A)(1). At a hearing on August 7, 2001 the State moved, pursuant to the negotiated plea agreement, for leave to amend the indictment to allege the Illegal Manufacture of Drugs, in violation of R.C. 2925.04(C)(2), a felony of the second degree. The court granted the State's motion and amended the indictment as requested. Billingsley waived the reading of the indictment and tendered a plea of guilty to the charge in the indictment as amended. The court accepted Billingsley's plea and found him guilty of Illegal Manufacture of Drugs.
 {¶ 3} This matter immediately proceeded to sentencing. The court sentenced Billingsley to a prison term of six (6) years, a mandatory prison term pursuant to R.C. 2929.13(F) of the Ohio Revised Code. (See August 9, 2001 Judgment Entry Plea and Sentencing, p. 3). On February 4, 2002 Billingsley filed *Page 3 
a petition to vacate or set aside sentence. However, in a February 25, 2002 Judgment Entry, together with Findings of Fact and Conclusions of Law, the trial court found that there were no substantive grounds for relief raised by Billingsley in his petition to vacate or set aside sentence and denied Billingsley's petition.
 {¶ 4} On December 28, 2004 Billingsley filed a motion for allowance of a delayed appeal under App.R. 5(A) of the August 9, 2001 Judgment Entry of Plea and Sentencing. This court found that Billingsley's motion did not set forth sufficient reason for his failure to timely file a notice of appeal from the August 9, 2001 judgment of sentence, and overruled his motion. (See March 9, 2005 Journal Entry, Case No. 11-04-21). However, Billingsley's leave to file a delayed appeal was ultimately successful in the Ohio Supreme Court. Pursuant to the Ohio Supreme Court's subsequent opinion of State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, this matter was reversed and remanded to the trial court for re-sentencing consistent with the holding in Foster. (See Supreme Court of Ohio Judgment Entry, May 3, 2006).
 {¶ 5} The trial court conducted Billingsley's re-sentencing hearing on November 13, 2006. The trial court re-sentenced Billingsley to six years in prison for his conviction of Illegal Manufacture of Drugs, to run concurrently with the sentence of imprisonment imposed by the Allen County Court of Common Pleas *Page 4 
and the Putnam County Court of Common Pleas. (See November 14, 2006 Judgment Entry).
 {¶ 6} Billingsley now appeals, asserting one assignment of error.
 ASSIGNMENT OF ERROR THE SENTENCE IMPOSED ON REMAND WAS IMPOSED PURSUANT TO A JUDICIALLY-CREATED VERSION OF OHIO SENTENCING LAWS THAT, APPLIED RETROACTIVELY TO MR. BILLINGSLEY, VIOLATED HIS RIGHT TO FREEDOM FROM EX POST FACTO LAWS.
 {¶ 7} In his sole assignment of error, Billingsley contends that the trial court erred in imposing his sentence under a judicially-created sentencing law that violated the ex post facto clause. Specifically, Billingsley asserts that retroactive application of Foster violates the ex post facto clause and his right to Due Process by increasing the penalty for the offense he committed prior to Foster.
 {¶ 8} The Supreme Court of Ohio recently addressed constitutional issues concerning felony sentencing in State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856. In Foster, the Supreme Court of Ohio held that portions of Ohio's felony sentencing framework were unconstitutional and void, including R.C. 2929.14(B) requiring judicial findings that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crimes by the offender, and R.C. 2929.14(C) which requires judicial fact-finding for maximum prison terms. Foster, 2006-Ohio-856 at ¶ 97, 103. Regarding new sentences and re-sentences, the Supreme Court of Ohio stated, "we *Page 5 
have concluded that trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Foster, 2006-Ohio-856 at ¶ 100.
 {¶ 9} As this court is required to follow precedent, as set forth by the Supreme Court of Ohio and the United States Supreme Court, we find no error in the trial court's decision to re-sentence Billingsley to a prison term of six years. Billingsley pled guilty to one count of Illegal Manufacture of Drugs in violation of R.C. 2925.04(C)(2), a felony of the second degree.
 {¶ 10} Pursuant to R.C. 2929.14(A),
 . . . [i]f the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender pursuant to this chapter, the court shall impose a definite prison term that shall be one of the following:
 * * *
 (2) For a felony of the second degree, the prison term shall be two, three, four, five, six, seven, or eight years.
 * * *
 {¶ 11} Accordingly, Billingsley could have been sentenced to a prison term of as little as two years or the maximum prison term of eight years for his felony conviction. In this case, the trial court sentenced Billingsley to a prison term of six years.
 {¶ 12} Additionally, for the reasons articulated in State v.McGhee, 3rd Dist. No. 17-06-05, 2006-Ohio-5162, we find no merit in Billingsley's argument that *Page 6 
his sentence violates his due process rights. At a hearing on August 7, 2001, Billingsley pled guilty to one count of Illegal Manufacture of Drugs. This matter proceeded immediately to sentencing and Billingsley was sentenced to his prison term of six years. (See August 9, 2001 Judgment Entry). He filed a motion for delayed appeal with this court which was subsequently overruled. Then, Billingsley appealed his case to the Supreme Court of Ohio. The Supreme Court of Ohio announced its decision in Foster on February 27, 2006 and this case was remanded for re-sentencing in accordance with Foster. On November 13, 2006 the trial court re-sentenced Billingsley to an identical prison sentence as his original sentence.
 {¶ 13} We note, as to this case, that the offense occurred subsequent to the United State's Supreme Court's holding in Apprendi v. NewJersey (2000), 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435, which provided notice that a major shift in sentencing was likely to occur and supports our conclusion in McGhee that the remedy announced inFoster does not violate due process. Likewise, the sentencing range for his felony has remained unchanged, so Billingsley had notice of the potential sentence for his offense.
 {¶ 14} Furthermore, the Ohio State Public Defender attempted to appeal the unanimous Foster decision to the United States Supreme Court. On October 16, 2006 *Page 7 
the United States Supreme Court denied the Petition for Writ of Certiorari. Foster v. Ohio (2006), 127 S.Ct. 442, 166 L.Ed.2d 314.
 {¶ 15} Accordingly, Billingsley's sole assignment of error is overruled and the November 14, 2006 Judgment Entry of Re-Sentencing of the Paulding County Court of Common pleas, sentencing Billingsley to six years in prison, is affirmed.
Judgment affirmed.
 PRESTON and WILLAMOWSKI, JJ., concur. *Page 1